IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JAN MILLER,

      **Plaintiff,**

      **v.**                                        **Case No. 15-CV-7939-JAR-GLR**

EDWARD M. AMET,

      **Defendant.**

## MEMORANDUM & ORDER

This case is before the Court on Plaintiff's Motion to Amend the Complaint (ECF 10), filed on September 20, 2015.  Plaintiff filed her original Complaint on May 7, 2015, alleging negligence, outrageous conduct, and punitive damages against Defendant, who was Plaintiff's dentist at the time of the events underlying this lawsuit.  On August 24, 2015, Defendant filed a Motion for Judgment on the Pleadings under Fed. R. Civ. P. 12(c), which is pending before U.S. District Judge Julie A. Robinson.  Plaintiff's proposed Amended Complaint adds more detail to the already-existing allegations of negligence and outrageous conduct; specifically, she alleges the amount she paid Defendant for dental work, the problems that arose from that dental work, and the process by which Defendant allegedly sedated and restrained her during the dental procedures.  Plaintiff asserts no new claims in her proposed amendment.

Defendant opposes Plaintiff's request to amend her complaint, arguing that Plaintiff has not adequately explained the reason for the delay in amending the complaint and claiming that the proposed amendment would be futile.  For the reasons explained below, Plaintiff's Motion to Amend the Complaint is granted.

Where a party's time to amend its pleading as a matter of course has expired, "a party may amend its pleading only with the opposing party's written consent or the court's leave.  The

court should freely give leave when justice so requires."[1]  Generally a party is granted leave to

amend under Rule 15(a), unless there is "a showing of undue delay, undue prejudice to the

opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendment

previously allowed, or futility of amendment."[2]  Defendant argues that Plaintiff's motion to

amend should be denied because of undue delay, as she filed her motion four months after the

initial complaint was filed, and because she does not assert information that was unavailable to

her when she first filed the case.  The Court is unconvinced.  Courts generally deny leave to

amend on the basis of undue delay when the motion to amend is filed much closer to trial or after

summary judgment.[3]  A four-month delay is negligible where, as here, the parties are still in the

beginning stages of discovery.  Furthermore, Plaintiff asserts no new claims, but merely seeks to

add detail to the allegations in the original complaint.  Therefore, the Court finds that there is no

undue delay.

Defendant also argues that amendment would be futile because Plaintiff's proposed

Amended Complaint still fails to adequately plead her claims of negligence, outrageous conduct,

and punitive damages.  The Court disagrees.  The standard for futility is the same as the standard

for dismissal under Fed. R. Civ. P. 12(b)(6).  Thus, a complaint must present factual allegations

which, assumed to be true, "raise a right to relief above the speculative level" and contain

"enough facts to state a claim to relief that is plausible on its face."[4]  "A claim has facial

plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

---

[1] Fed. R. Civ. P. 15(a)(2).

[2] *Duncan v. Manager, Dep't of Safety, City & Cnty. Of Denver*, 397 F.3d 1300, 1315 (10th Cir. 2005).

[3] *See Enneking v. Schmidt Builders Supply, Inc.*, 917 F. Supp. 2d 1200, 1206 (D. Kan. 2013).

[4] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007).

inference that the defendant is liable for the misconduct alleged."[5]  Although Plaintiff's claims may be challenged in future motions, she alleges sufficient facts in her proposed Amended Complaint to state plausible claims.  Defendant attempts to argue the merits of the case in his opposition to Plaintiff's motion; however, the Court may only consider the allegations contained within the proposed Amended Complaint.  Those allegations, taken as true, sufficiently state claims beyond the speculative level.  The liberal policy of Fed. R. Civ. P. 15(a) in favor of amendment leads the Court to allow Plaintiff to amend her complaint at this early stage in the litigation.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Amend the Complaint (ECF 10) is granted.  Plaintiff is ordered to file her Amended Complaint within fourteen days of this Order.

**DATED** November 9, 2015.

s/ Gerald L. Rushfelt
U.S. Magistrate Judge

---

[5] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).